# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MARTY H. SHACKELFORD**                                    **PLAINTIFF**

**V.**                                                      **NO.3:16CV158-M-A**

**KAREN R. WOOTEN;**
**ATLANTIC SPECIALTY INSURANCE COMPANY;**
**ONEBEACON AMERICA INSURANCE COMPANY;**
**AND, JOHN DOE**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on plaintiff Marty H. Shackelford's ("Shackelford") motion to remand this case to the Circuit Court of Marshall County [11]. Defendants OneBeacon America Insurance Company ("OneBeacon") and Atlantic Specialty Insurance Company ("Atlantic") have responded in opposition to the motion [16], and the plaintiff has filed a reply [18]. Additionally, OneBeacon and Atlantic have moved to sever the claims against them [6] from those alleged against defendant Karen R. Wooten ("Wooten"). The Court, having considered the memoranda and submissions of the parties, concludes that Shackelford's motion to remand is well taken and should be granted. The Court also finds that OneBeacon and Atlantic's motion to sever should be denied.

*A. Factual and Procedural Background*

Plaintiff Shackelford filed this action in state court alleging that he sustained, *inter alia*, bodily injuries as a result of a motor vehicle accident that occurred in Marshall County on September 20, 2013. Shackelford asserts that the accident was caused by the negligence of defendant Wooten and that, as a result, he sustained "serious and permanent bodily injuries" to

"his right shoulder, right leg, right hip, left hip, and back." Shackelford seeks compensatory damages from Wooten for his bodily injuries. Shackelford's complaint names Wooten as a defendant, and alleges that both Shackelford and Wooten are resident citizens of Mississippi.

In the complaint, Shackelford also alleges breach of contract, bad faith, and improper failure to pay claims against defendants OneBeacon and Atlantic. Shackelford asserts that, at the time of the accident, he was covered under an "occupational accident" insurance policy from his employer that was issued by OneBeacon, and for which Atlantic issued a "certificate of assumption." The complaint alleges that Shackelford received a letter, dated June 1, 2015, from a third party claims administrator stating that "[his] hip and back injuries were 'unrelated to [the] Accident on September 20, 2013,' and, therefore, treatment for these injuries was 'not payable' under" the policy issued by OneBeacon. Shackelford's complaint names both OneBeacon and Atlantic as defendants and, among other relief, seeks a declaratory judgment under Rule 57 of the Mississippi Rules of Civil Procedure that "Plaintiff['s] left hip and/or back [are] related to the September 20, 2013, motor vehicle accident such that the treatment for these injuries is payable under [the occupational accident policy]." The complaint alleges that OneBeacon is a Massachusetts corporation which has its principal place of business located in Massachusetts, and that Atlantic, which is licensed to do business in the State of Mississippi, has its principal place of business in the State of New York.

OneBeacon and Atlantic removed the suit to this Court pursuant to 28 U.S.C. § 1441. OneBeacon and Atlantic argue that this Court has federal diversity jurisdiction under 28 U.S.C. § 1332(a) because Shackelford is seeking greater than $75,000 in damages. Further, OneBeacon and Atlantic contend that the parties have complete diversity as required under § 1332(a) because Wooten has been fraudulently or egregiously misjoined into the dispute. In response,

Shackelford moved to remand all claims to state court, arguing that the claims satisfy the joinder requirements of Rule 20 under the Mississippi Rules of Civil Procedure because they arise out of the same transaction or occurrence and involve a common question of law and fact.

## B. Standard for Remand

Federal courts have original jurisdiction over cases when the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of a different state. 28 U.S.C. § 1332(a). "Any action filed in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

After removal, a plaintiff may move to remand the case, and "if it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party who seeks to remove the case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Removal statutes are to be construed against removal and for remand. *Eastus v. Blue Bell Creameries L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). Any doubts regarding whether removal is proper should be resolved against federal jurisdiction. *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## C. Discussion

In cases arising under 28 U.S.C. § 1332(a), the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L.Ed.2d 274 (1978). The court should not grant federal diversity jurisdiction if parties are fraudulently misjoined. *See In re Benjamin Moore & Co.*, 309 F.3d 296,

298 (5th Cir. 2002). Failure to meet the requirements of Rule 20 will result in "joinder being improper even if there is no fraud in the pleadings and the plaintiff does not have the ability to recover against each of the defendants." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). This Court has consistently upheld the concept of fraudulent misjoinder. *See Cartwright v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 6959045 (N.D. Miss. Dec. 8, 2014); *Walker v. Scales*, 2014 WL 670216 (N.D. Miss. Feb. 20, 2014).

"For this court to accept jurisdiction despite the misjoinder of a non-diverse defendant, the misjoinder must be egregious or grossly improper." *Cooper v. AIG Claim Servs., Inc.*, 2009 WL 279101, at *2 (N.D. Miss. Feb. 5, 2009). In a case removed to federal court, questions of fraudulent misjoinder are determined by the state's joinder rules. *Id.* The court should then determine whether there is a reasonable possibility that the state court would find that the plaintiff has stated a viable cause of action against the defendant. *Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp. 2d 499 (S.D. Miss. 2008). "To determine if a party has been fraudulently misjoined, the court applies Rule 20 of the Mississippi Rules of Civil Procedure." *Tri-Miss Servs., Inc. v. Fairley*, 2012 WL 5611058, at *3 (S.D. Miss. Nov. 15, 2012). Rule 20 of the Mississippi Rules of Civil Procedure states, in relevant part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

Miss. R. Civ. P. 20(a). Thus, Rule 20 requires the satisfaction of two criteria in order for joinder to be proper: (1) that there is "*any* right to relief [asserted jointly, severally, or in the alternative against the defendants]" which "aris[es] out of the same transaction, occurrence, or series of

4

transactions or occurrences"; and (2) the presence of "*any question of law or fact* common to all defendants." *Id.* (emphasis added).

The comment to Rule 20 provides, in pertinent part:

> The phrase "transaction or occurrence" requires that there be a distinct litigable event linking the parties. Rule 20(a) simply establishes a procedure under which several parties' demands arising out of the same litigable event may be tried together, thereby avoiding the unnecessary loss of time and money to the court and the parties that the duplicate presentation of the evidence relating to facts common to more than one demand for relief would entail.

Miss. R. Civ. P. 20 cmt.

The Mississippi Supreme Court has historically "given broad discretion to the trial court to allow joinder of claims." *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092, 1094-95 (Miss. 2004); *see Ill. Cent. R.R. v. Travis*, 808 So.2d 928, 931 (Miss. 2002) ("The general philosophy of the joinder provisions of these Rules is to allow virtually unlimited joinder at the pleading stage, but to give the Court discretion to shape the trial to the necessities of the particular case."). In *Hegwood v. Williamson*, the Mississippi Supreme Court held that "[b]oth prongs of Rule 20(a) must be met" for joinder to be proper and that "[b]efore an alleged 'occurrence' will be sufficient to meet Rule 20(a)'s two factors, there must be a distinct litigable event linking the parties." 949 So.2d 728, 730 (Miss. 2007) (internal citations omitted).

In their response opposing plaintiff's motion to remand, defendants OneBeacon and Atlantic raise *Hegwood* to support the proposition that defendant Wooten has been egregiously or fraudulently misjoined in this action. However, the facts of the instant case can be readily distinguished from those in *Hegwood*, and weigh in favor of joinder.

The Mississippi Supreme Court explained in *Hegwood* that in determining whether a distinct litigable event exists, courts should consider "whether a finding of liability for one

5

plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant." *Id. Hegwood* was a two-automobile accident case involving claims brought by one driver against the other driver, the other driver's liability insurer, and the plaintiff's own insurer, whereas the case *sub judice* involves claims brought by one driver in an automobile accident against the other driver and his own occupational accident insurer. However, in the opinion of this Court, this distinction is immaterial to the joinder analysis. *See Walker*, 2014 WL 670216, at *5.

The *Hegwood* Court explained that negligence claims against a defendant driver and breach of contract and bad faith claims against a liability insurer, while arising out of the same accident, "involve different factual issues and different legal issues." *Hegwood*, 949 So.2d at 731 ("The car accident raises fact issues of how the accident occurred and legal issues of simple negligence…The breach of contract and bad faith claims raise fact issues of…how [the insurance adjusters] made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate."). The court observed that a claim for negligence would require "different witnesses (the two drivers, eyewitnesses to the accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management)." *See id.*

The Court finds that, while the facts of *Hegwood* are distinguishable from the case at bar, its reasoning is applicable. Plaintiff Shackelford claims that joinder is proper because "[he] suffered and sustained serious and permanent bodily injuries (including, but not limited to, injuries to his right shoulder, right leg, right hip, left hip, and back)" as a result of the motor vehicle accident, and is seeking damages for these injuries from defendant Karen Wooten. Moreover, plaintiff alleges that, at the time of the accident, he was covered under an

"occupational accident" insurance policy from his employer in lieu of workers' compensation coverage, and that defendants OneBeacon and/or Atlantic denied his policy claim seeking payment to treat his left hip and back because those injuries were "unrelated" to the accident involving Wooten and are thus "not payable" under the OneBeacon policy. Thus, in prosecuting his negligence claim against defendant Wooten, Shackelford will be required to present the same proof as will be required to support his claims against OneBeacon and Atlantic.

Unlike in *Hegwood*, the instant case does not involve entirely "separate allegations of wrongdoing occurring at separate times." *See id.* Both sets of claims arguably "arose" from the subject motor vehicle accident, and they share common factual and legal issues. Because "there is [a] reasonable probability that the state court would find [defendant Wooten's] joinder proper," *see Palermo*, 542 F. Supp. 2d at 524, the Court finds that Wooten was properly joined as a defendant in this action. Thus, complete diversity does not exist.

### D. Conclusion

If subject matter jurisdiction is lacking, this Court must remand. 28 U.S.C. § 1447(c). Relying upon the foregoing analysis, the Court finds that complete diversity is not present. Accordingly, Shackelford's motion to remand [11] is granted, and this case is hereby remanded to the Circuit Court of Marshall County. By virtue of the holding herein, defendants OneBeacon and Atlantic's motion to sever [6] is hereby denied.

So ordered, this the 4th day of October, 2016.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

7